| | |
|---|---|
| Frederick Thomas Allen, M.D.<br><br>Plaintiff,<br><br>v.<br><br>New Jersey Board of Medical Examiners, ET AL.,<br>Defendants. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Hon. Rukhsanah L. Singh, U.S.M.J.<br><br>Civil Action No. 3:26-CV-00090-MAL-RLS<br><br>Motion Date: 04/01/2026 |

---

# BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF FREDERICK ALLEN, M.D.'S COMPLAINT ON BEHALF OF DEFENDANTS NEW JERSEY BOARD OF MEDICAL EXAMINERS, ANTONIA WINSTEAD, AND J. NIMISHA SHUKLA, M.D.

---

Jennifer Davenport
ATTORNEY GENERAL OF NEW JERSEY
124 Halsey Street
Newark, New Jersey 07101
Attorney for Defendants,
New Jersey Board of Medical Examiners, Antonia Winstead, and J. Nimisha Shukla, M.D.

By: Daniel Roman
Deputy Attorney General
NJ Attorney ID 275882018

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.......................................... 4

STATEMENT OF FACTS AND PROCEDURAL HISTORY...................... 6

STANDARD OF REVIEW........................................... 10

ARGUMENT..................................................... 11

**Point I**........................................................ 11

**PURSUANT TO THE YOUNGER DOCTRINE THE FEDERAL COURT SHOULD REFRAIN FROM INTERVENING IN THIS STATE COURT MATTER.** ........................ 11

CONCLUSION................................................... 18

## TABLE OF AUTHORITIES

**Cases**

Bettencourt v. Bd. of Registration in Med..................... 14

Doe v. Connecticut Dep't of Health Services............... 10, 13

Getson v. New Jersey......................................... 15

Gonzalez v. Waterfront Comm'n of the N.Y. Harbor.............. 15

Hawaii Hous. Auth. v. Midkiff................................ 10

Huffman v. Pursue, Ltd....................................... 11

Middlesex County Ethics Comm. v. Garden State Bar Ass'n.. 11, 13, 14, 15

Mutschler v. NJDEP........................................... 14

O'Neill v. Philadelphia...................................... 14

Ohio Civil Rights Commission v. Dayton Christian School, Inc... 2

Pascucci v. Vagott........................................... 14

Phillips v. Cty. of Allegheny................................. 5

Simopoulos v. Va. State Bd. of Med. .......................... 10

Sprint Communications, Inc. v. Jacobs .................... 11, 13

Stockton v. Brown ........................................ 12

Wassef v. Tibben ..................................... 11, 12

Younger v. Harris ..................................... passim

Zahl v. Harper ................................ 3, 13, 14, 15

## PRELIMINARY STATEMENT

Frederick Allen M.D.'s ("Plaintiff") complaint must be dismissed because the Federal Court should decline from intervening in this state matter pursuant to the Younger doctrine. In Younger v. Harris, the United States Supreme Court held that settled doctrines of federalism confined federal courts from intervening in certain state actions – including "civil enforcement actions" -- due to "the basic doctrine of equity jurisprudence". 401 U.S. 37 (1971). The U.S. Supreme Court has extended the Younger doctrine to include professional licensing matters. Ohio Civil Rights Commission v. Dayton Christian School, Inc. 477 U.S. 619, (1986). The Third Circuit has also recognized that appeals stemming from New Jersey Board of Medical Examiners ("Board") licensure decisions meet the elements to establish Younger abstention as the proceedings before the Board are clearly judicial in nature, implicate important state interests, and an appeal of the Board's decision to the New Jersey Appellate Court allows the plaintiff to assert constitutional claims as well. Zahl v. Harper, 282 F.3d 204, 209 (3rd. Cir. 2002).

In this case, the simple fact is that Dr. Allen remains the subject of proceedings that are squarely before the Board. Those proceedings were initially opened in early 2022, when the Board received complaints that Dr. Allen had been diverting anesthesia from patients for his own use, practicing while impaired, and

potentially engaging in professional misconduct and/or gross negligence which put the health and safety of his patients at grave risk. Dr. Allen's license was voluntarily surrendered in March 2022 after the Board commenced its investigation, and no further Orders of the Board have been entered to date. The Board has, on three separate occasions, afforded Dr. Allen opportunities to be heard in appearances before Committees of the Board. Following each appearance, the Board has extended Dr. Allen the opportunity to have his license reinstated, but only subject to his express agreement to certain terms and conditions which the Board deems necessary to fulfill its paramount mission and obligation to protect the health, safety and welfare of any patients that Dr. Allen may treat. In each and every instance, Dr. Allen has declined to accept the proposed conditions and limitations, and he instead currently maintains that the Board must reinstate his license unconditionally and is somehow precluded from including conditions aimed at protecting the public, based on the conduct that he engaged in prior to surrendering his license. As a consequence, his license remains surrendered in New Jersey to date.

Despite filing this lawsuit, Plaintiff presently has multiple requests pending before the Board related to his case, to include requests that the Board transfer his case to the Office of Administrative Law for a hearing as a contested case, that the Board reconsider its prior determinations, and that he be allowed

to file a new application for reinstatement. On March 16, 2026, Plaintiff filed a notice of appeal with the New Jersey Superior Court, Appellate Division, seeking appellate review of the determinations made by the Board. All of the issues that Plaintiff raises in this lawsuit can be properly adjudicated in the pending State proceedings. Application of the Younger doctrine compels a conclusion that this Court should dismiss, without prejudice, the pending action to allow the state proceedings to first conclude.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

Plaintiff Frederick Allen, M.D. is a physician who was licensed to practice medicine and surgery in the State of New Jersey from August 20, 2013, until March 3, 2022. On or about January 18, 2022, a consumer complaint was filed with the Board of Medical Examiners by Dennis Reilly. See Certification of Antonia Winstead ("Winstead Certification") Exhibit B. Mr. Reilly alleged that on January 11, 2022, while Dr. Allen was administering anesthesia to a patient during a procedure, he was witnessed by a

[1] The Statement of Facts and Procedural History have been combined for ease of understanding and to avoid repetition, as they are closely related. On a pre-answer motion to dismiss, the State Defendants are required to state the facts as alleged in the Complaint, and the Court must accept the factual allegations (but not any conclusory statements unsupported by facts) in the light most favorable to Plaintiff. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). By setting forth the facts below for purposes of this motion, the State Defendants do not concede the truth of those allegations.

physician's assistant to have fallen from a seated position, striking his head and having what appeared to be a seizure. Dr. Allen then resumed normal breathing and returned to consciousness but refused medical attention, instead bypassing EMS providers and locking himself into the men's bathroom. A member of the nursing staff knocked on the door several times in an effort to get Dr. Allen to open the door, with no successful response. Subsequently, the door was forced open and Dr. Allen was found unresponsive and not breathing. An IV catheter with an empty syringe was found near Dr. Allen, and EMS responders performed chest compressions on him. EMS then administered intranasal naloxone which brought on recovery of spontaneous breathing and pulse. Mr. Reilly suggested, based on the circumstances, that this was likely an opioid overdose.

The Board's receipt of information concerning the January 11, 2022 incident caused the Board to open an investigation of Dr. Allen and of the events which occurred on January 11, 2022. Additional information regarding incidents which occurred prior to January 11, 2022, were also received subsequent to the initiation of the investigation. While that investigation was pending, Dr. Allen voluntarily surrendered his license to practice pursuant to a Consent Order filed with the Board on March 3, 2022. See Winstead Certification Exhibit A. Under this agreement, Plaintiff agreed to surrender his license pending demonstration of fitness and

further order of the Board. The Order included a stipulation that the entry of the Consent Order was without prejudice to further action, investigation, or restrictions upon Respondent's license by the Board, the Attorney General, the Drug Control Unit, the Director of the Division of Consumer Affairs or other law enforcement entities resulting from any conduct that Dr. Allen may have engaged in prior to the filing of the Order. The Order also included provisions reserving the right of the Board to place restrictions and/or conditions on Respondent's license should he ever seek reinstatement. Following entry of the Order, the Board reported the voluntary surrender of Dr. Allen's license, while under investigation, to the National Practitioner Data Bank, as required by federal law. See Winstead Certification Para. 5.

As outlined in the accompanying certifications of counsel and of Board Executive Director Winstead, the simple fact is that Dr. Allen's case remains surrendered currently, and his case remains pending before the Board at this time, as there has not been any further Order of the Board entered since the entry of the March 3, 2022 Order.[2] Dr. Allen has been afforded the opportunity to appear before Committees of the Board on three occasions – October 5, 2022, December 6, 2023 and November 18, 2025. Winstead

[2] The Certifications of Executive Director Winstead and of Deputy Attorney General Roman are being offered not so as to introduce facts to dispute allegations in Dr. Allen's complaint, but instead to clarify the status of Dr. Allen's case, and to provide better context to the facts which are alleged by Dr. Allen.

Certification, Para. 6. Following each appearance, Dr. Allen was offered the opportunity to have his New Jersey license reinstated, subject to impositions of conditions and limitations on practice which the Board has deemed necessary in order to protect the public health, safety and welfare, based on the conduct that Dr. Allen engaged in, he declined each opportunity. Winstead Certification, Para. 7, Certification of Daniel Roman, Deputy Attorney General ("Roman Certification") Exhibits A - D. It remains the fact that, had Dr. Allen chosen to accept any of the proposed Consent resolutions, his license would be currently reinstated in New Jersey.

Plaintiff filed the instant action before this Court on January 7, 2026. An extension of time to file an Answer, to April 1, 2026, was entered on March 2, 2026.

Subsequent to filing this Complaint, Respondent has continued to make requests of the Board of Medical Examiners related to his pending case before the Board, and has filed an action in the Superior Court of New Jersey, Appellate Division, seeking to challenge the refusal of the Board to grant him an unconditional license.

On March 9, 2026, Plaintiff, submitted three letters to Deputy Attorney General ("D.A.G.") Daniel Roman, attorney for the Board. The first letter included a request that his matter be transferred to the Office of Administrative Law ("OAL") as a contested case.

See Roman Certification, Exhibit E. The second letter requested a hearing before the full Board on his application for reinstatement. Roman Certification, Exhibit F. Dr. Allen's third letter included a request that the Board reconsider its decision to grant reinstatement with conditions. Roman Certification, Exhibit G. On March 16, 2026, Plaintiff filed a Notice of Appeal with the New Jersey Appellate Court against the New Jersey Board of Medical Examiners. See Roman Certification, Exhibit H.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a complaint can be dismissed for lack of subject matter jurisdiction. As discussed in detail below, this Court lacks subject matter jurisdiction to hear this complaint pursuant to the precedent established by the United States Supreme Court in Younger v. Harris. Broadly, Younger stands for the proposition that settled doctrines of federalism confine federal courts from intervening in certain state actions due to "the basic doctrine of equity jurisprudence." 401 U.S. 37 (1971). This motion should be reviewed as a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction pursuant to the Younger doctrine.

## ARGUMENT

### Point I

### PURSUANT TO THE YOUNGER DOCTRINE THE FEDERAL COURT SHOULD REFRAIN FROM INTERVENING IN THIS STATE COURT MATTER.

In Younger v. Harris, the United States Supreme Court held that settled doctrines of federalism confined federal courts from intervening in certain state actions due to "the basic doctrine of equity jurisprudence." 401 U.S. 37 (1971). "Under the Younger doctrine, 'interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing judicial proceedings that concern important state interests.'" Doe v. Connecticut Dep't of Health Services, 75 F.3d 81, 84-84 (2d Cir 1996) (citing to Hawaii Hous. Auth. v. Midkiff, 467 U.S. 229, 237-38 (1984)). "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." Younger, 401 U.S. at 43.

The Fourth Circuit Court of Appeals succinctly summarized the Younger doctrine, in Simopoulos v. Va. State Bd. of Med, stating:

> "In Younger and the five other cases decided the same day, often described as the 'February Sextet,' the Supreme Court formulated the principles restraining interference by federal courts with state court proceedings. Under these principles when relief sought by a plaintiff in a federal action is available in a pending state criminal proceeding, the federal court,

> except in certain specific extraordinary circumstances, must apply equitable estoppel and abstain by dismissing outright the federal suit and by requiring the 'presentation of all claims, both state and federal, to the state courts.' This rule generally known as the Younger doctrine, does not extend merely to direct relief against the state prosecution; it 'denies any relief that depends on resolution of the constitutional issue raised in the state case.' Accordingly, it not only denies federal injunctive relief against the state action; it also closes the door of the federal court to an action for "prospective" relief by way of a declaratory judgment finding the statute involved in the criminal proceeding unconstitutional. The basis for this doctrine was stated to be consideration of equity, comity and federalism."
>
> Simopoulos v. Va. State Bd. of Med., 644 F.2d 321, 324 (4th Cir. 1981).

Recently, the U.S. Supreme Court has limited the scope of the Younger doctrine. In Sprint Communications, Inc. v. Jacobs, the Court held that Younger should only be applied in "exceptional circumstances" such as (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions". 571 U.S. 69, 75 (2013). Regarding civil enforcement proceedings, the Court recognized that Younger would be appropriate where "noncriminal proceedings bear a close relationship to proceedings criminal in nature" Id. at 79 (citing to Middlesex County Ethics Comm. v. Garden State Bar Ass'n 457 U.S. 423, 432 (1982) and Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)). "Such enforcement actions are characteristically

initiated to sanction the federal plaintiff, i.e. the party challenging the actions." Ibid. Under Middlesex, that includes "state initiated disciplinary proceedings against a lawyer." Middlesex, 457 U.S. at 433-434.

In Wassef v. Tibben, the Eighth Circuit concluded that a state medical board disciplinary proceeding "is quasi-criminal in nature and qualifies for Younger abstention as a matter of law. . . ." 68 F.4th 1083, 1088. The Ninth Circuit has also very recently concluded that medical board proceedings are considered quasi-criminal for Younger purposes. Stockton v. Brown, 152 F.4th 1124 (9th Cir. 2025).

Here, as in Wassef and Stockton, this matter involves a medical board disciplinary action. Following the Board's receipt of a consumer complaint alleging that Plaintiff overdosed on narcotics while actively providing anesthesia care to a patient, Plaintiff agreed to the voluntary suspension of his medical license. The suspension, which was formalized in a consent order entered into by the Attorney General and the Plaintiff, in no way concluded the matter before the Board - rather, it was expressly recognized within that Order that formal disciplinary actions could be filed at a later time, and that any reinstatement of Respondent's license would be subject to conditions and limitations deemed appropriate and necessary by the Board.

The matter remains pending today before the Board, despite the fact that Plaintiff has been afforded three opportunities to be heard before Committees of the Board and notwithstanding that the Board has offered Plaintiff opportunities to have his license reinstated conditionally on each occasion, no further Orders have been entered by the Board and Plaintiff's license remains surrendered. This Court should clearly conclude that the pending proceedings before the Board therefore constitute an ongoing "civil enforcement proceeding," in turn constituting an "extraordinary circumstance" under Sprint allowing for application of Younger abstention.

Once it is determined that a "extraordinary circumstance" exists, to determine if the Younger doctrine applies in a given matter, three elements must be satisfied: (1) there must be a pending state judicial proceeding, (2) the proceeding must implicate important state interests, and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. Middlesex, 457 U.S. at 432.

Regarding the first element, "[s]tate administrative proceedings. . . have long been recognized as judicial in nature. Zahl v. Harper, 282 F.3d 204, 209 (3rd Cir. 2002) (citing to Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986) (state civil rights commission proceeding judicial in

nature); Middlesex, 457 U.S. at 433-34 (bar disciplinary proceeding judicial in nature).

Regarding the second element, the Third Circuit has established that licensing matters before the New Jersey Board of Medical Examiners would implicate important state interests. Zahl, 282 F.3d at 209. Further, the court in Zahl noted that "[o]ther circuits, too, have recognized the obvious interest states have in regulating the practice of medicine." See, e.g., Doe v. Conn., Dep't of Health Servs., 75 F.3d 81, 85 (2d Cir. 1996) (ruling state "legislative scheme for disciplining doctors serves important and obvious public health objectives"); Bettencourt v. Bd. of Registration in Med., 904 F.2d 772, 778 (1st Cir. 1990) (ruling that enforcing proper standards of medical licensing "obviously implicates important state interests").

Regarding the third element, ". . . the third part of the Middlesex test 'is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination'" Zahl, 282 F.3d at 210 (citing to O'Neill v. Philadelphia, 32 F.3d 785, 792 (3d Cir. 1994)).[3] In Zahl, the Third Circuit concluded that the New Jersey Appellate

[3] Pursuant to New Jersey Court Rule 2:2-3(a)(2), the Appellate Division is vested with "exclusive jurisdiction to review any action or inaction of any state administrative agency." Mutschler v. NJDEP, 337 N.J. Super 1, 9 (App. Div. 2001), certif. denied, 168 N.J. 292 (2001) (citing Pascucci v. Vagott, 71 N.J. 40, 51-54 (1976)).

Court provides an adequate opportunity to raise constitutional challenges arising from an administrative determination. Ibid. Here, on March 16, 2026 -- subsequent to filing this Complaint -- Plaintiff has filed a Notice of Appeal in the New Jersey Superior Court, Appellate Division. Dr. Allen's claims pursuant to the notice of appeal to the Appellate Division include a violation of procedural due process and ". . . the standard governing reinstatement after recovery from substance use disorder." Id.

Plaintiff can clearly raise the same claims he makes herein – i.e., his claims of violation of rights under the Americans with Disabilities Act and his claims of deprivations of procedural due process -- in the ongoing State Court proceedings, thereby satisfying the third prong of the Middlesex test. Additionally, the Third Circuit has concluded that abstention is appropriate in instances where a plaintiff has made a claim pursuant to the ADA. Gonzalez v. Waterfront Comm'n of the N.Y. Harbor, 755 F.3d 176 (3rd Cir. 2014). In Gonzalez, the Plaintiff sued his employer, the Waterfront Commission of the New York Harbor, for wrongful termination claiming the Commission discriminated against him pursuant to the ADA. In analyzing the third Middlesex element, the Court concluded Plaintiff '. . . is permitted to-and indeed has- raised his federal claims in his appeal to the New Jersey Superior Court, Appellate Division." Id. at 184.

In Getson v. New Jersey, 352 Fed. Appx. 749 (3d Cir. 2009), the Third Circuit found Younger abstention to be appropriate in a strikingly similar case to that now before the Court. In Getson, a doctor sued the New Jersey Board of Medical Examiners alleging a violation of his due process rights after the Board filed a complaint against him alleging professional misconduct. The Court, following the precedent of Zahl, determined that Younger abstention was appropriate as each of the Middlesex factors were present: (1) the Board's disciplinary proceeding was "clearly judicial in nature," (2) "New Jersey has a heavy and traditional interest in regulating the practice of medicine," and (3) that the Plaintiff was able to raise his constitutional claims in the course of the state administrative proceeding and before the Appellate Division. Id. at 753.

In this case, the Court should dismiss Plaintiff's complaint pursuant to the Younger doctrine to allow all proceedings that remain pending before the Board of Medical Examiners to fully conclude, and/or to allow the New Jersey Superior Court, Appellate Division, to adjudicate Plaintiff's claims. Settled doctrines of federalism and equity jurisdiction support the proposition that this matter should be adjudicated, in the first instance, in the ongoing State proceedings.

**CONCLUSION**

For these reasons, the State Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint.

Respectfully submitted,

Jennifer Davenport
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Daniel Roman
Daniel Roman
Deputy Attorney General
NJ Attorney ID: 275882018

DATE: April 1, 2026